UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

REYNALDO ALGUARELLEZ HOOPER,

        Defendant.
_____/

Case No. 1:09-CR-60

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION

On May 13, 2009, Defendant Reynaldo Alguarellez Hooper plead guilty to Counts 1 and 4 of an Indictment charging: Count 1 - Conspiracy to Distribute and Possess with Intent to Distribute an Unspecified Quantity of Cocaine and 100 Kilograms or More of Marijuana; 21 U.S.C. § 846, 841(a)(1), (b)(1)(B)(vii); and Count 4 - Use and Discharge of a Firearm During an in Relation to a Drug Trafficking Offense; 18 U.S.C. § 924(c)(1)(A)(iii).  The Court granted a 4-level downward departure for substantial assistance and found an adjusted offense level of 25.  The court further found that a criminal history level II under represented defendant's complete lack of respect for the law and criminal history level III more accurately reflected Defendant's criminal history.  With an adjusted level 25 and criminal history III, the guideline range became 70-87 months on Count 1.  Count 4 carried a mandatory minimum sentence of 120 months incarceration.  Defendant was sentenced on October 16, 2009, to 87 months custody on Count 1, and 120 months on Count 4, to be served consecutively.

Defendant Hooper filed a motion for modification or reduction of sentence (ECF No. 27) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

The probation department filed a sentence modification report on December 30, 2015 (ECF No. 35). In its report, the probation department recommended the defendant is eligible for reduction in sentence based on defendant currently being an inmate, USSG § 2D1.1 was used in the guideline calculations, and the guideline range applicable to the defendant subsequently has been lowered as a result of the retroactive amendment to the Sentencing Guidelines (782). A reduction of sentence is consistent with the policy statements of the U.S. Sentencing Commission. In its report, the probation department recommended an adjusted offense level 27 and a criminal history III, for a guideline range of 87 to 108 months on Count 1, plus 120 months consecutive on Count 4.

Defendant's counsel filed a response to the sentence modification report (ECF No. 40) concurring with the probation department that Defendant is eligible for a sentence reduction, however, challenged the sentence modification report's accuracy. Defendant requests a reduction of sentence to 57 months on Count 1 based on the 4-level downward departure at sentencing due

to substantial assistance, which would lower the adjusted offense level to 23. With an adjusted offense level 23 and criminal history category III, the amended guideline range becomes 57-71 months on Count 1.

The government filed a response to the sentence modification report (ECF 41), agreeing that the Court should grant defendant's motion and the revised sentence recommended by Probation of 190 months is consistent with the amendment and the court's prior adjudication of sentence.

The Court having reviewed the sentence modification report and counsels' responses, hereby finds the probation department's sentence modification report is inaccurate.  At the time of sentencing, the Court granted a 4-level downward departure motion based on Defendant's substantial assistance.  Therefore, the Court finds that the adjusted offense level based on Amendment 782 should be reduced by 2 points from the adjusted offense level at the time of sentencing to 23, rather than 27, as indicated in the sentence modification report.   The court finds that with an adjusted offense level 23 and criminal history level III, the sentence range becomes 57-71 months on Count 1.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for modification of sentence (ECF No. 27) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**. Defendant Reynaldo Alquarellez Hooper's sentence shall be reduced to **57 months on Count 1, and 120 months on Count 4, to be served consecutively to Count 1.**  An order effectuating the sentence reduction shall issue forthwith.

Dated:  February 4, 2016                                              /s/ Robert Holmes Bell
                                                                             ROBERT HOLMES BELL
                                                                             UNITED STATES DISTRICT JUDGE